THE STATE, EX REL. GREENBAUM ET AL., *v.* VILLAGE OF
NORTHFIELD ET AL.

(No. 5158—Decided July 31, 1961.)

*Mr. Joseph H. Friedman* and *Mr. Edmund W. Rothschild,*
for plaintiff.

*Mr. Gilbert A. Hartz,* village solicitor, for defendants.

DOYLE, J.  This is an action in mandamus, brought originally in this court by the plaintiff, in which there is sought an order directing Donald Balogh, in his capacity of building inspector of the village of Northfield, to issue to relators a permit for the erection of a gasoline filling station on described premises within the corporate limits of the village.

Upon the issues made by the pleadings, the case was submitted upon a stipulation of facts.

It appears in the stipulation that on the 10th day of April, 1951, the relators applied, upon duly prescribed forms, to the building inspector for a permit to build a gasoline station within the territorial limits of the village; that the application was refused; and that the refusal ''to approve the plans and specifi-

cations and to issue a permit * * * was based solely upon a non-compliance with the zoning regulations of the village of North-field.''

The village zoning ordinance upon which the permit refusal was based, in part provides (Section II, ordinance 1952-3):

''Any building or structure on real estate in Zone A may be used for business, or retail, commercial and the accessory uses customarily incident thereto, except the following uses and purposes which are hereby excluded and prohibited:
''* * *

''11. Gasoline or oil station.
''* * * *''

The relators' property is located in Zone A, and the ordinance prohibits thirty-nine different uses, including ''gasoline or oil stations,'' as shown above.

It perhaps should be here noted that other provisions of the village ordinances do permit a gasoline station business, as well as other prohibited uses in Zone A, to be carried on in a specifically-described Zone C within the corporate limits.

The stipulation of facts further records that ''the relators * * * did not fill out any forms to be submitted to the Board of Zoning Appeals, nor did they appear before said board''; and that ''no notice of appeal was filed with the zoning inspector nor the Board of Zoning Appeals prior to filing this action.''

Section VI of ordinance 1952-3, in full force and effect at the time of the foregoing material events, and at the present time, provides:

''An administrative board is hereby created, such board to be known as the Board of Zoning Appeals, consisting of three (3) members. One such member shall be appointed by the village Planning Commission; one such member shall be appointed by the mayor; one such member shall be a councilman of the village designated by council as such. The members of such board shall act as of the date of their appointment and serve, without compensation, for a term of one (1) year and until their successor shall have been appointed thereafter.

''All meetings of such Board of Zoning Appeals shall be open to the public. Such board shall adopt, from time to time, such rules and regulations as it may deem necessary to carry into effect the provisions of this ordinance. It shall keep min-

utes of its proceedings, showing the vote of its members upon every question, or if absent or failing to vote, such fact shall be noted therein.

"Any determination by the building inspector made in the enforcement hereof may be appealed, in writing, to the Board of Zoning Appeals by any person deeming himself adversely affected by his decision. The concurring vote of at least two (2) members of such board shall be necessary to reverse or to modify any order, requirement or decision of the building inspector.

"Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the Board of Zoning Appeals shall have authority, in any specific case, to interpret any such provision in harmony with the general purposes and intent of this ordinance, so that the public health, safety and general welfare may be secured and so that substantial justice may be done.

"Such board shall hear and determine all questions brought before it by appeal, as aforesaid, and it may reverse or affirm, wholly or in part, or modify, as in its opinion ought to be done under the circumstances, and to that end such board shall have all the powers of the officer from whom such appeal is taken and it may issue or direct the issuance of a permit accordingly."

It is argued by the plaintiff that another ordinance of the village is involved, and that the relators did exercise their right of appeal under that ordinance to the village council, which body sustained the action of the building inspector.

That ordinance, No. 989, Section 305 (Building Code), provides:

"Whenever application is made for a permit to construct or alter a building or structure within this village and the Inspector of Buildings finds that the proposed building or structure is of such design, material, location or intended use that it will result in a substantial impairment or destruction of value in neighboring real estate owned by inhabitants of this village, and if he further finds that the use of the particular design, material or location proposed or substantially similar ones is not reasonably essential to the development of the property proposed to be built or altered, the Inspector of Buildings shall refuse to issue the permit and he shall immediately notify the applicant of such refusal and the reason therefor.

"The applicant may appeal from the decision of the Inspector of Buildings to the council of the village."

From an inspection of the ordinances noted, regulating the issuance of licenses, it is obvious that one relates to regulations involving the construction, alteration, etc., of buildings, commonly referred to as "Building Code" regulations, and that the other relates to the zoning of property.

The facts presented to this court in the instant case relate only to the zoning ordinances. The building inspector refused to approve the plans and specifications "solely upon a noncompliance with the zoning regulations" of the village.

The plaintiff is petitioning this court to issue a writ of mandamus. The Code (Section 2731.05, Revised Code) provides that:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

As we view the facts before us, the ordinance noted above provides for a "plain and adequate remedy in the ordinary course of the law." Provision is made for appeal to the Board of Zoning Appeals; and if the appellant is not then satisfied with the result, and it is adverse to him, he then may resort to the provisions of Chapter 2506, Revised Code, which provides a remedy by judicial review of final orders of administrative boards of villages. He may, by court decision, test a claimed invalidity of the zoning ordinance, and further test the question of whether the ordinance was invalidly applied to him.

The case of *State, ex rel. The Gund Co.,* v. *Village of Solon,* 171 Ohio St., 318, sustains our conclusion, and we distinguish on the facts the case of *State, ex rel. The Killeen Realty Co.,* v. *City of East Cleveland,* 169 Ohio St., 375.

*Writ denied.*

STEVENS, P. J., concurs.
HUNSICKER, J., not participating.